UNITED STATES *v.* SMULL.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF OREGON.

No. 598. Argued January 7, 1915.—Decided February 23, 1915.

A charge of crime against the United States must have clear legislative basis.

A charge of perjury may be based on § 125, Criminal Code, for knowingly swearing falsely to an affidavit required either expressly by Act of Congress or by an authorized regulation of the Land Department.

When by valid regulation the Land Department requires an affidavit to be made before an otherwise competent officer, that officer is authorized to administer the oath under § 125, Criminal Code, and the false swearing is made a crime and the penalty is fixed therefor by Congress and not by the Department.

In regard to affidavits required by the Land Department, § 125, Criminal Code, must be read in the light of § 2246, Rev. Stat., authorizing and making it the duty of the specified officer of the Land Department to administer oaths.

The departmental rule requiring an applicant for homestead entry under § 2289, Rev. Stat., to state under oath whether or not he has made a former entry under the homestead law is one addressed to the enforcement of the laws, the administration whereof is confided to the Land Department, and is not inconsistent with any specific statutory provision and the oath required is therefore one administered by authority of law as provided in § 125, Criminal Code.

THE facts, which involve the construction and application of Rev. Stat., § 2289, and the validity of an indictment for perjury for violation thereof, are stated in the opinion.

*Mr. Assistant Attorney General Knaebel*, with whom *Mr. S. W. Williams* was on the brief, for the United States:

The case was one in which the laws of the United States authorized the oath, and the false matter was material within the meaning of § 125 of the Criminal Code.

The homestead law expressly forbids the making of second entries, such as was attempted in this case, and charges the Land Department with the duty of preventing them.

In the performance of this duty it is not merely convenient but essential that the Department examine the applicant concerning the existence of a former entry, and therefore the duty to make the examination is a duty springing directly from the homestead law itself and covered by its specific requirement (Rev. Stat., § 2478) that every part of it shall be enforced by appropriate regulations.

The duty to examine the applicant includes the duty, and hence the power, to examine him on oath.

That such oaths were intended to be included by § 125, Crim. Code (Rev. Stat., § 5392) is demonstrated by its broad terms and its evident purpose, illuminated by the statutes from which it was derived.

The language is, "in any case in which a law of the United States authorizes an oath to be administered."

The evident purpose is as broad as the letter.

An inquiry into the antecedents of this section will leave no doubt of its applicability to cases like the present.

The circumstance that certain matters to be covered by the claimant's initial affidavit are specified in § 2290 implies no prohibition against his examination under oath upon other matters which are vital to the right of entry. *United States* v. *George*, 228 U. S. 14, distinguished.

In support of these contentions, see *Babcock* v. *United States*, 34 Fed. Rep. 873; *Caha* v. *United States*, 152 U. S. 211; *Ingraham* v. *United States*, 155 U. S. 434; *Leonard* v. *Lennox*, 181 Fed. Rep. 760; *Patterson* v. *United States*, 181 Fed. Rep. 970; *United States* v. *Bailey*, 9 Pet. 238; *United States* v. *Bedgood*, 49 Fed. Rep. 54; *United States* v. *Boggs*, 31 Fed. Rep. 337; *United States* v. *George*, 228 U. S. 14; *United States* v. *Grimaud*, 170 Fed. Rep. 205; *United States* v. *Grimaud*, 220 U. S. 506; *United States* v. *Hardison*, 135 Fed. Rep. 419; *United States* v. *Hearing*, 26 Fed. Rep. 744; *United States* v. *Maid*, 116 Fed. Rep. 650; *United States* v. *Minor*, 114 U. S. 233; *United States* v. *Nelson*, 199 Fed. Rep. 464; *Williamson* v. *United States*, 207 U. S. 425; Act of March 3, 1857, 11 Stat. 250; Act of May 20, 1862, 12 Stat. 392; Act of March 3, 1891, 26 Stat. 1098; Act of June 11, 1906, 34 Stat. 233; Criminal Code, § 125; Rev. Stat., §§ 453, 2246, 2289, 2290, 2291, 2298, 2302, 2478, 5392, 5596; 2 Revisers' Draft and Notes, p. 2583; Circular of Interior Department of September 17, 1867; March 10, 1869, p. 22; of August 23, 1870, p. 24.

No appearance or brief filed for defendant in error.

MR. JUSTICE HUGHES delivered the opinion of the court.

This is an indictment for perjury. It is charged that Luther Jerome Smull, the defendant in error, in making application for a homestead entry under § 2289 of the Revised Statutes swore falsely, before the receiver of the land office, that he had not theretofore 'made any entry under the homestead laws,' whereas in fact, as he well knew, he had previously made a homestead entry upon which he had obtained patent. The defendant demurred upon the ground that the indictment did not state a crime. The District Court sustained the demurrer, ruling that the affidavit was not within the statute defining perjury. Criminal Code, § 125. The Government brings the case here under the Criminal Appeals Act.

The charge of crime must have clear legislative basis. *Williamson* v. *United States*, 207 U. S. 425; *United States* v. *Grimaud*, 220 U. S. 506; *United States* v. *George*, 228 U. S. 14; *United States* v. *Birdsall*, 233 U. S. 223. The Criminal Code, § 125, provides: "Whoever, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, . . . shall wilfully and contrary to such oath state or subscribe any material matter which he does not believe to be true, is guilty of perjury. . . ." This statute takes the place of the similar provision of § 5392 of the Revised Statutes, which in turn was a substitute for a number of statutes in regard to perjury and was phrased so as to embrace all cases of false swearing whether in a court of justice or before administrative officers acting within their powers (see revisers' report, Vol. 2, pp. 2582, 2583).[1] It cannot be

---

[1] Among these statutes was the Act of March 3, 1857, c. 116, § 5 (11 Stat. 250), which provided:

"That in all cases where any oath, affirmation, or affidavit shall be made or taken before any register or receiver or either or both of them

doubted that a charge of perjury may be based upon
§ 125 of the Criminal Code where the affidavit is required
either expressly by an act of Congress or by an authorized
regulation of the General Land Office, and is known by
the affiant to be false in a material statement. That is,
the Land Department has authority to make regulations
which are not inconsistent with law and are appropriate
to the performance of its duties (Revised Statutes, §§ 161,
441, 453, 2478), and when by a valid regulation the De-
partment requires that an affidavit shall be made before
an officer otherwise competent, that officer is authorized
to administer the oath within the meaning of § 125. The
false swearing is made a crime, not by the Department,
but by Congress; the statute, not the Department, fixes
the penalty. *United States* v. *Grimaud*, 220 U. S., p. 522.
Section 125 of the Criminal Code must be read in the
light of § 2246 of the Revised Statutes which is explicit:

"The register or receiver is authorized, and it shall

---

of any local land-office in the United States or any territory thereof, or
where any oath, affirmation, or affidavit, shall be made or taken before
any person authorized by the laws of any State or territory of the United
States to administer oaths or affirmations, or take affidavits, and such
oaths, affirmations, or affidavits are made, used, or filed in any of said
local land-offices, or in the General Land-Office, as well in cases arising
under any or either of the orders, regulations, or instructions, concern-
ing any of the public lands of the United States, issued by the Com-
missioner of the General Land-Office, or other proper officer of the
government of the United States, as under the laws of the United States,
in any wise relating to or affecting any right, claim, or title, or any con-
test therefor, to any of the public lands of the United States, and any
person or persons shall, taking such oath, affirmation or affidavit,
knowingly, wilfully, or corruptly swear or affirm falsely, the same shall
be deemed and taken to be perjury, and the person or persons guilty
thereof shall, upon conviction, be liable to the punishment prescribed
for that offence by the laws of the United States."

See also acts of May 20, 1862, c. 75, § 7, 12 Stat. 392, 393; March 3,
1873, c. 277, § 7, 17 Stat. 605, 606; March 13, 1874, c. 55, § 7, 18 Stat.
21, 22; June 14, 1878, c. 190, § 6, 20 Stat. 113, 114.

be their duty, to administer any oath required by law or the instructions of the General Land-Office, in connection with the entry or purchase of any tract of the public lands."

As it is apparent that the departmental rule makes it necessary for the applicant to state under oath whether or not he has made a former entry under the homestead laws, the sole question in the present case is whether this requirement was one which the Department could impose. This inquiry is naturally divided into two branches: (1) Was the regulation addressed to the enforcement of the laws, the administration of which was confided, to the Department, and (2) Was it inconsistent with any specific provision of the statutes?

As to the former, it is sufficient to say that the homestead laws contain an express prohibition with respect to the amount of land which any one person may secure under their provisions, and the Commissioner of the General Land Office is entrusted with the duty of promulgating appropriate rules to make this prohibition effective. Thus, by the act of May 20, 1862, c. 75, § 6 (12 Stat. 392, 393), it was provided: 'That no individual shall be permitted to acquire title to more than one quarter section under the provisions of this act; and that the Commissioner of the General Land Office is hereby required to prepare and issue such rules and regulations, consistent with this act, as shall be necessary and proper to carry its provisions into effect.' The prohibition was carried forward into the Revised Statutes (§§ 2289, 2298; act of Mar. 3, 1891, c. 561, § 5, 26 Stat. 1095, 1098) and the authority of the Department to enforce it was continued and not diminished (§ 2478). It would seem to be plain that a rule requiring an affidavit from the applicant stating whether or not he had made other entries was suitably addressed to the execution of the law. *United States* v. *Bailey*, 9 Pet. 238; *Caha* v. *United States*, 152

U. S. 211; *United States* v. *Grimaud, supra;* *United States* v. *Birdsall, supra;* *Leonard* v. *Lennox,* 181 Fed. Rep. 760, 766, 767.

There remains the question whether the regulation is inconsistent with the terms of the statute; that is, as there is no suggestion of inconsistency otherwise, whether it is repugnant to the specific requirements of § 2290 of the Revised Statutes as amended by the act of March 3, 1891, c. 561, *supra,* in relation to the affidavit to be made by the applicant for a homestead entry. We do not think that it is. Section 2290, it is true, does not provide that the affidavit of the applicant shall set forth whether there has been a previous entry. Neither does it provide that the applicant shall state that he is a citizen or has filed his declaration of intention to become such. Yet, under § 2289, he cannot make entry unless this qualification exists. We are concerned with positive requirements of the law, which are to be enforced by the Department. They are not superadded by an unauthorized departmental caution. And this being true, the fact that § 2290 is specific as to certain matters which the applicant's affidavit must contain cannot be regarded as destroying the authority of the Department to exact proof as to other facts which are also essential conditions of the right of entry and as to the existence of which the Department must be satisfied.

It is not a case where the statute points out the character of the proof to be required as to the particular fact and thus impliedly denies authority to exact proof of a different sort. Thus, with respect to final proof of residence and cultivation, § 2291 of the Revised Statutes requires the proof to be made by 'two credible witnesses'—not by the claimant; accordingly it was held that Congress had provided the 'exact measure' of the claimant's obligation and that the Department could neither add to nor detract from it. *United States* v. *George,* 228 U. S. 14. But

here the statute is silent as to the mode of proving the particular fact. Still it is an essential fact; Congress made it the duty of the Department to enforce the condition prescribed, and in the absence either of inhibition or of a requirement of some other procedure we are unable to find any ground for saying that Congress debarred the Department from availing itself of the natural and appropriate course in examining the applicant. It has been the long established departmental practice to insist upon a verified statement by him whether or not he has made an earlier entry, and we are of the opinion that the practice is authorized. The oath in such cases is administered by authority of law as provided in § 125 of the Criminal Code.

The judgment of the District Court is reversed and the case is remanded for further proceedings in conformity with this opinion.

*It is so ordered.*

MR. JUSTICE MCREYNOLDS took no part in the consideration and decision of this case.