### BELLEFIELD CO. v. HEINER, Collector of Internal Revenue.

Circuit Court of Appeals, Third Circuit. April 19, 1928.

No. 3768.

1. **Statutes** ⊂⊃219—Regulation interpreting statute by government department charged with enforcement thereof has force of law, if not in conflict with statute.

Interpretation of a statute promulgated by formal regulation of a department of the government charged with the enforcement thereof, and which is addressed to and reasonably adapted to the enforcement of the act, has the force and effect of law, if it is not in conflict with express statutory provision.

2. **Statutes** ⊂⊃219—Contemporaneous construction of ambiguous statute by government department, long followed, is generally controlling.

In case of ambiguity, contemporaneous construction of a statute by a government department charged with its enforcement, long fol-

lowed in practice, is generally deemed controlling.

3. **Internal revenue** ⊛⟷19(1)—**Corporation's instrument under seal in form of note, constituting one of series under mortgage requiring authentication by trustee, held "note," not subject to documentary stamp tax on "bonds" (Revenue Act 1924, § 807, schedule A–1 [26 USCA §§ 901, 907]; Pa. St. 1920, § 15989).**

Under Revenue Act 1924, § 807, schedule A–1 (26 USCA §§ 901, 907; Comp. St. § 6318p), providing for taxation of instruments issued by corporation with interest coupons or in registered form, known generally as corporate securities, Act Pa. May 16, 1901, P. L. 104, § 6 (Pa. St. 1920, § 15989), declaring that seal does not destroy character of instrument as promissory note, Regulations of Treasury Department, T. D. 2713, issued May 14, 1918, and Regulation 55 of 1923, defining promissory notes and bonds, instrument under seal, in form of ordinary note issued by corporation, promising to pay to its own order on certain date at named bank a definite sum at fixed rate of interest, being one of a series of "notes" of like date and tenure issued in pursuance of mortgage, and requiring authentication by certificate of trustee of mortgage, *held* a "note," not subject to documentary stamp tax on "bonds."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bond.]

In Error to the District Court of the United States for the Western District of Pennsylvania; Robert M. Gibson, Judge.

Action by the Bellefield Company against D. B. Heiner, Collector of Internal Revenue of the United States of America for the Twenty-Third District of the State of Pennsylvania. Judgment for defendant, and plaintiff brings error. Reversed.

William M. Hall, of Pittsburgh, Pa., for plaintiff in error.

John D. Meyer, U. S. Atty., and William J. Aiken, Asst. U. S. Atty., both of Pittsburgh, Pa. (C. M. Charest and Wm. E. Davis, both of Washington, D. C., of counsel), for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. The Bellefield Company, a Pennsylvania corporation, brought this suit against a collector of internal revenue to recover taxes paid under protest. A jury was waived, the case tried to the court on facts stipulated and judgment entered for the collector. The case is here on the plaintiff's writ of error raising the single question whether the instruments on which documentary stamp taxes were exacted are bonds or notes.

The Bellefield Company, needing money, arranged with banks in Pittsburgh for a line

of credit to the amount of $400,000 on ordinary short-term promissory notes with contemplated renewals. But the banks demanded real estate security, yet in the form of collateral notes corresponding in amounts and maturities with the notes on which the proposed loans were to be made. Here was a problem. It was worked out in this way:

The Bellefield Company executed and delivered to a local trust company, as trustee, a mortgage on its real estate in the sum of $640,000 to secure thirty-eight notes bearing the same date, payable in four months, varying in amounts but aggregating the penal sum of the mortgage. The trust instrument contained a provision for issuing and securing new notes as the old ones matured.

When the company borrowed money on one of its bankable notes it gave a mortgage note as collateral, the two notes running concurrently. As the transactions multiplied more collateral notes were pledged, and as maturities occurred and the collateral notes were exhausted new notes were issued under the mortgage to be used as collateral on renewed loans.

The collector of internal revenue regarded the instruments which accompanied the mortgage and called "collateral notes" as bonds and demanded payment of documentary stamp taxes in the sum of $340 on the first issue of $640,000 and like taxes in a like sum on each new issue following the maturity of an old issue at every four months' period until the sum of $1,280 had been exacted and paid. He made the demand under authority of the Revenue Act of 1924 (section 807, schedule A–1, 43 Stat. 333 [26 USCA §§ 901, 907; Comp. St. § 6318p]), which, following like provisions in earlier acts, provides:

"*Bonds of Indebtedness.* * * * All instruments, however termed, issued by any corporation with interest coupons or in registered form, known generally as corporate securities, on each $100 of face value or fraction thereof, 5¢."

The documentary stamp tax of 2 cents on each $100 imposed on promissory notes and on their renewals by the Revenue Act of 1917 (Comp. St. § 6318h), and later by the Revenue Act of 1921 (Comp. St. § 6318p), was repealed by the Revenue Act of 1924 (Comp. St. § 6318p).

If the instruments in question are notes, the collector was wrong in demanding the tax; if bonds, he was right. The court held that they are bonds and that the tax was properly imposed and collected. This calls

for a statement and an analysis of the instruments.

Taking one as an example, the instrument contains three paragraphs. The first is in form an ordinary promissory note wherein the maker, the Bellefield Company, promises "to pay to its own order" on a certain day at a named bank a definite sum at a fixed rate of interest. The next paragraph indicates that it is one of a series of "notes" of like date and tenure issued in pursuance of the terms of the mortgage. The concluding paragraph provides that the note shall not be valid until authenticated by the certificate of the trustee of the mortgage. The writing is under seal.

On first view it would seem that being under seal the instrument is a specialty, not a promissory note, but any doubt about that is set at rest by the Pennsylvania Negotiable Instruments Law of 1901 (P. L. 194, 195, § 6 [Pa. St. 1920, § 15989]) which declares that the seal does not destroy its character as a promissory note or its negotiability. Purde, 3255; Eaton & Gilbert, Commercial Paper, 244.

Turning to the quoted provision of the Revenue Act for guidance, we find a more or less complete definition of taxable instruments under the heading of bonds, the critical parts being that an instrument taxable as a bond must be issued by a corporation with interest coupons or in registered form. The instrument in question was issued by a corporation but is without interest coupons and not in registered form. If this were all that is available to throw light on the subject authoritatively, we should hold that the instrument in suit falls outside the statutory definition of a bond and must therefore be a note. But the Treasury Department of the government, charged with the enforcement of tax statutes with like provisions, realizing that confusion might result from their terms, has from time to time issued regulations further defining bonds and notes. Regulation T. D. 2713, issued by the department on May 14, 1918, addressed "To Collectors of Internal Revenue and Others Concerned," reads (with our comments on points of difference and similarity interpolated) as follows:

"Although in a broad sense many notes are bonds and many bonds are notes, obviously Congress did not intend to tax the same instrument under two heads. The following propositions are believed to express the legislative intent:

"(1) An instrument under seal (the instrument in suit is under seal), conditioned in a penal amount for the payment of a sum of money (it is not so conditioned but is a straight promise to pay a definite sum), such as often accompanies mortgages (it accompanies a mortgage), is a bond within the meaning of the statute.

"(2) An instrument not under seal (the instrument here is under seal) containing a simple promise to pay a sum of money at a specified time (it does that), such as is common in every day commercial use, is a promissory note within the meaning of the statute.

"(3) Instruments containing the essential features of a promissory note (they do), but issued by corporations in numbers under a trust indenture (they were), either in registered form or with coupons attached (they were issued in neither way), embodying provisions for acceleration of maturity in the event of any default by the obligor (there was none), for optional registration in the case of bearer bonds (none), for authentication by the trustee (there was), and sometimes for redemption before maturity (none), or similar provisions (none), are bonds within the meaning of the statute, whether called bonds, debentures, or notes."

Down to this point it might be an open question whether in the estimation of the Treasury Department the instruments in suit are bonds or notes. But the concluding sentence of this departmental regulation, we think, definitely disposes of all doubt as to their character. It is in these words:

"However, a short-term instrument (each instrument in suit was for four months), although issued by a corporation under a trust indenture (it was), may be regarded as a note if every instrument of such issue both (a) is payable to bearer (it is payable to "its own order" and when so ordered by endorsement it is payable to the holder or bearer) and incapable of registration (no provision for registration and no registration in fact) and (b) lacks interest coupons (it does) and so requires presentation upon each payment of interest (it does)."

In 1923 the Treasury Department issued Regulation 55 in these words:

"A promissory note is an unconditional promise in writing (the instrument in suit is such a promise) made by one person to another (it is), signed by the maker (it is), engaging to pay on demand or at a fixed (it does) or determinable future time, a sum certain in money (it does) to such other person or to order or to bearer (it is payable to its own order and when so ordered by general endorsement is payable to bearer), free from restrictions as to registration or

transfer (it is free from such restrictions), and usually without coupons (it is without coupons)."

[1, 2] These departmental interpretations of the statute promulgated by formal regulations we think clearly put the instruments in suit in the class of notes. If the regulations have the force of law they dispel any lingering doubt raised by the few defining words of the statute. Such a pronouncement made "by a department of government, addressed to and reasonably adapted to the enforcement of an act of Congress, the administration of which is confided to such department, has" on authority of the cases "the force and effect of law if it be not in conflict with express statutory provision." Maryland Casualty Co. v. United States, 251 U. S. 342, 349, 40 S. Ct. 155, 157 (64 L. Ed. 297); United States v. Grimaud, 220 U. S. 506, 31 S. Ct. 480, 55 L. Ed. 563; United States v. Birdsall, 233 U. S. 223, 231, 34 S. Ct. 512, 58 L. Ed. 930; United States v. Smull, 236 U. S. 405, 409, 411, 35 S. Ct. 349, 59 L. Ed. 641; United States v. Morehead, 243 U. S. 607, 37 S. Ct. 458, 61 L. Ed. 926; Maryland Casualty Co. v. U. S., 251 U. S. 349, 40 S. Ct. 155, 64 L. Ed. 297; Red Wing Malting Co. v. Willcuts (C. C. A.) 15 F.(2d) 626, 49 A. L. R. 459. Moreover, in cases of ambiguity, contemporaneous construction by a department, long followed in practice, is generally held to be controlling. Schell v. Fauche, 138 U. S. 562, 11 S. Ct. 376, 34 L. Ed. 1040.

[3] Instead of being in conflict with the express provisions of the statute in question we think these regulations are singularly in harmony with them and we regard them as authoritative aids in disposing of the question and determining, as we do, that the instruments in suit are notes and that the documentary stamp tax was unlawfully exacted and collected.

The judgment of the trial court is reversed.