Moss, Judge,
delivered the opinion of the court:
The plaintiff, Clinchfield Navigation Company, a New York corporation, adopted the calendar year as its annual accounting period, and its books of account were kept on that basis from the time of its incorporation, February 20, 1915, until December 31, 1917. During all this period its income-tax returns were made on the calendar-year basis. On April 23, 1918, plaintiff filed its income-tax return for the calendar year ending December 31, 1917, and paid the amount of tax shown to be due thereon, $30,337.62. Plaintiff was a subsidiary of the Clinchfield Coal Corporation, *593 a Virginia corporation, which kept its books of account and made its tax returns on the basis of a fiscal year ending June 30. On April 24, 1918, the Clinchfield Coal Corporation, under the requirements of the revenue act of 1917, filed in the proper tax district of Virginia a consolidated excess-profits tax return for itself and affiliated companies, including plaintiff company, for the period January 1 to June 30, 1917. In March, 1923, there was assessed against plaintiff company an additional income tax for the year 1917, amounting to $63,212.32, based on net income of $1,312,442.83 received by plaintiff for the six months’ period ending June 30, 1917. In May, 1925, plaintiff paid under protest the amount of the additional assessment, with interest, in the total sum of $70,797.81. This action is for the recovery of said sum.
It is contended by plaintiff, first, that the Commissioner of Internal Revenue was without authority to change plaintiff’s taxable period from the calendar year ending December 31, 1917, to the fiscal year ending June 30, 1917, and, second, that the collection of said additional tax more than five years after the date of the return, was in violation of 250 (d) of the revenue act of 1921 providing that no suit or proceeding for the collection of such taxes should be begun after the expiration of five years after the date when the return was filed.
Section 10 and section 13 (a) of the revenue act of 1916 as amended by the act of 1917, 39 Stat. 1000, read as follows :
“ Sec. 10. There shall be levied, assessed, collected, and paid annually upon the total net income received in the preceding calendar year from all sources by every corporation * * * a tax of two per centum upon such income.”
“Sec. 13 (a). The tax shall be computed upon the net income as thus ascertained, received within each preceding calendar year ending December thirty-first.”
The only exception to the foregoing provisions is contained in the following additional paragraph to section 13 (a) :
“Provided, That any corporation * * * subject to this tax, may designate the last day of any month in the *594 year as the day of the closing of its fiscal year and shall be entitled to have the tax payable by it computed upon the basis of the net income ascertained as herein provided for the year ending on the day so designated in the year preceding the date of assessment instead of upon the basis of the net income for the calendar year preceding the date of assessment; and it shall give notice of the day it has thus designated as the closing of its fiscal year to the collector of the district in which its principal business office is located at any time not less than thirty days prior to the first day of March of the year in which its return would be filed if made upon the basis of the calendar year.”
The Internal Revenue Bureau promulgated certain regulations interpreting said act. In article 59, Regulation 33, taxable year, or taxable period, is defined as “ the calendar year, or duly established fiscal year.” Article 5, Regulation 41, contains the following language:
“ The term £ taxable year ’ means the twelve months ending December 31 of each year, except in the case of a corporation or partnership which has fixed its own fiscal year, in which case it means such fiscal year.”
In article 25, Regulation 45, it' is provided:
“ The return of a taxpayer is made and his income computed for his taxable year,' which means his fiscal year, or the calendar year if he has not established a fiscal year * * *. A person having no such fiscal year must make return on the basis of the calendar year.”
It clearly appears, therefore, that the purpose of the act in question was to require the computation of the tax to be based on the calendar year unless the taxpayer had established a fiscal-year basis in pursuance of the authority under the statute so to do. The latter provision was manifestly intended for the convenience of the taxpayer in conducting the affairs of his business and in keeping his books of account. Plaintiff during the whole period of its existence had kept its books of accounts and had made its income-tax returns on the calendar-year basis, and it seems clear to the court that under the law and the regulations its right to do so could not be affected by the requirement of a consolidated return by the parent company for excess-profits tax.
*595 The excess-profits tax was a war emergency measure, enacted in 1917, 40 Stat. 303, and was a tax “ in addition to the taxes under existing law * * The Clinchfield Coal Corporation was required under this act to file a consolidated return for excess-profits tax purposes. It did not file a consolidated return for income tax purposes, and the Commissioner of Internal Eevenue neither required nor suggested such a return for that year, nor for the period covered by the return for excess-profits tax, January 1 to June 30, 1917. In a letter from the Deputy Commissioner of Internal Eevenue dated November 8, 1920, the parent company was advised that—
“ For subsequent taxable years it will be necessary for the subsidiary company to change its accounting period to correspond with that of the parent or principal company, in order that consolidated net income and invested capital may be accurately determined.”
This letter contained other instructions not necessary to mention here and advised that “A copy of this letter should be attached to each of your returns when filed.3’ These instructions, as plainly appears, were intended to serve as a guide for the future conduct of the parent company and its subsidiaries in regard to filing tax returns. There was no suggestion that the existing plan was improper or illegal. It was an instruction based on the recognition of the necessity for making a change, for reasons set forth in the letter. At that time the Commissioner of Internal Eevenue evidently had no thought of attempting to disturb plaintiff’s status with reference to its income-tax liability for a taxable period three years prior to the date of said instructions. It was not until March, 1923, that the additional assessment was made, based wholly on the change by the commissioner of plaintiff’s taxable period, from the calendar year ending December 31, 1917, to the fiscal year ending June 30,1917.
The fundamental theory of the tax statute under consideration is to provide for a tax upon the net income of the taxpayer for the period of one year, computed in accordance with the method of accounting regularly employed by *596 the taxpayer in keeping his books. The Government will derive by either method the full amount of revenue to which it is entitled. No advantage whatever will be gained by the Government from the establishment of one method rather than the other. On the other hand, the change of taxable period in 1923, in this case, to relate back to the tax return of 1917, has resulted in the Government receiving more revenue than it was entitled to collect, for the reason that in the particular period from January 1 to June 30, 1917, plaintiff actually received much the greater part of its income for the entire year. It should be mentioned that on December 31, 1917, plaintiff adopted the fiscal year ending June 30 as its taxable period. It is the opinion of the court that the commissioner was without authority to determine the net income of plaintiff for any other taxable period than the entire calendar year 1917, and that the plaintiff is entitled to recover, and it is so ordered.
SiNNOTT, Judge; GreeN, Judge; Graham, Judge; and Booth, Ghief Justice, concur.