## COMMISSIONER OF INTERNAL REVENUE v. KREIN CHAIN CO. et al.
### No. 6508.

Circuit Court of Appeals, Sixth Circuit.
June 29, 1934.

Morton K. Rothschild, of Washington, D. C. (Sewall Key, of Washington, D. C., on the brief), for petitioner.

H. B. Jones, of Seattle, Wash., for respondents.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

The question presented herein is whether or not the statute of limitations bars the assessment of the deficiency determined by the Commissioner against the respondents for the fiscal year ended June 30, 1920. Upon that point the following facts were agreed:

On May 15, 1920, in accordance with previously existing practice, the Cleveland Chain & Manufacturing Company filed its individual income and excess profits tax return for the calendar year 1919. The total tax upon the net income therein shown was paid in due course.

Subsequently the Commissioner ruled that the Cleveland Chain & Manufacturing Company and the Krein Chain Company were affiliated within the purview of section 240 of the Revenue Act of 1918 (40 Stat. 1081). The respondents accordingly, on October 14, 1921, filed a consolidated return for the fiscal years ended June 30, 1919, and June 30, 1920, as the Krein Chain Company, the parent company, kept its books and filed its return on the basis of a fiscal year ended June 30. Treasury Regulations 45, art. 638.

On April 22, 1926, the Commissioner mailed to the respondents respectively notices of deficiency in income and excess profits tax for the fiscal year ended June 30, 1920, amounting to $7,537.59, which deficiency was allocated to the Cleveland Chain & Manufacturing Company. It was conceded by the Commissioner before the Board of Tax Appeals that this deficiency should be reduced by the sum of $4,557.34, being one-half of the tax previously paid by the Cleveland Chain & Manufacturing Company for the calendar year 1919.

The Board of Tax Appeals decided that the return filed by the Cleveland Chain & Manufacturing Company on May 15, 1920, for the calendar year 1919, started the running of the statute of limitations as to the deficiency assessment for the fiscal year ended June 30, 1920, and that the five-year statutory period expired on May 16, 1925. 25 B. T. A. 1450. The Commissioner contends that the statute did not commence to run until the date of the filing of the consolidated return, namely, October 14, 1921, and that the deficiency notices sent to the respondents on April 22, 1926, suspended the running of the statute. Revenue Act of 1926, § 277 (a) (3) and (b), c. 27, 44 Stat. 9, 58 (26 USCA § 1057 (a) (3), (b) and note).

▮▮ We agree with the Commissioner upon the ground (1) that the individual return filed May 15, 1920, was not the return required by law, and (2) that such return did not cover the entire period for which this deficiency is asserted. The assessment is barred "within five years after the return was filed." Revenue Act of 1926, § 277 (a) (3), c. 27,

44 Stat. 9, 58 (26 USCA § 1057 (a) (3). The express provisions of the statute and the regulations promulgated thereunder and their underlying purpose demonstrate that the individual return was not the return required by law.

Section 240 of the Revenue Act of 1918, c. 18, 40 Stat. 1057, 1081, in its pertinent portion provides as follows:

"(a) That corporations which are affiliated within the meaning of this section shall, under regulations to be prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income * * *."

The statute in mandatory terms required affiliated corporations to make a consolidated return of net income. No action of the Commissioner except the promulgation of the regulations with the approval of the Secretary was necessary to place the taxpayer under the duty of filing a consolidated return. The respondents do not question the fact that they were affiliates at that time.

Pursuant to this statute Treasury Regulations 45 were promulgated by the Commissioner of Internal Revenue and approved by the Secretary of the Treasury on April 16, 1919, over a year prior to the filing of the individual return. 21 Treasury Decisions Internal Revenue, January to December, 1919. They outlined in full the steps to be taken by affiliates.[1] Being in full force, expressly authorized by statute, and not in conflict therewith, the regulations had the force and effect of law. United States v. Smull, 236 U. S. 405, 35 S. Ct. 349, 59 L. Ed. 641; United States v. Grimaud, 220 U. S. 506, 31 S. Ct. 480, 55 L. Ed. 563; United States v. Birdsall, 233 U. S. 223, 235, 34 S. Ct. 512, 58 L. Ed. 930; Maryland Casualty Co. v. United States, 251 U. S. 342, 349, 40 S. Ct. 155, 64 L. Ed. 297.

Under these regulations all affiliates were required to give information not disclosed by individual returns. In addition to individual income, the combined net income of the affiliated corporations had to be shown after inter-company transactions had been eliminated. Treasury Regulations 45, art. 637.

---

[1] Art. 632. "Affiliated corporations, as defined in the statute and in article 633, are required to file consolidated returns on form 1120. The consolidated return shall be filed by the parent or principal reporting corporation in the office of the collector of the district in which it has its principal office. Each of the other affiliated corporations shall file in the office of

the collector of its district form 1122, along with the several schedules indicated thereon * * *." 21 Treasury Decisions Internal Revenue, 306.

It was not until the enactment of the Revenue Act of 1921 that the affiliate could elect to file consolidated or individual returns. Revenue Act of 1921, section 240 (a), c. 136, 42 Stat. 227, 260.

While form 1120 was used both for returns of ordinary corporations (Treasury Regulations, art. 621), and for returns of affiliated corporations (Treasury Regulations, art. 632), if the answers to form 1120 disclosed affiliation, all affiliates were then required to answer a so-called "Affiliated Corporations' Questionnaire," form 819, which was filed as a part of the return. An additional form, namely, 1122, was also required to be filled out by all other affiliates than the parent corporation.

Under the excess profits credit provision (Treasury Regulations 45, art. 791), only one specific exemption was allowed to affiliated corporations making a consolidated return.

The purpose of section 240 of the Revenue Act of 1918 was by means of consolidated returns to require taxes to be levied according to the true net income and invested capital resulting from and employed in a single business enterprise even though it was conducted by means of more than one corporation. Handy & Harman v. Burnet, Commissioner, 284 U. S. 136, at page 140, 52 S. Ct. 51, 76 L. Ed. 207. To effect this purpose it was necessary not that an affiliate should make an individual return of individual income, but that together with its affiliates it should make a consolidated return of consolidated net income, that the affiliation should be accurately and definitely stated, and that the entire interlocking relationship should be revealed. A consolidated return was required for so much of the period as the companies were affiliated. American Paper Exports, Inc., v. Bowers, 54 F.(2d) 508 (C. C. A. 2); Fidelity National Bank v. Commissioner, 39 F.(2d) 58 (C. C. A. 8); Trustees for Ohio & Big Sandy Coal Co. v. Commissioner, 43 F.(2d) 782 (C. C. A. 4). The ultimate purpose was to eliminate evasion of taxation. Treasury Regulations 45, arts. 631 and 632, 1919 Ed.

The respondents, being affiliates, could not reveal their relationship and comply with section 240, supra, except by filing a consolidated return and giving the other information required by the regulations. Hence the decisions cited by the respondents to the effect that, where several corporations in good faith file a consolidated return in which the separate gross income and deductions of each corporation are reported, the filing of such return will start the statute of limitations running with respect to each corporation included therein, have no application here.

The individual return made by the Cleveland Chain & Manufacturing Company on May 15, 1920, was not the return required by law. Compare Commissioner v. National Land & Construction Co., 70 F.(2d) 349 (C. C. A. 6), and Lucas, Commissioner, v. Pilliod Lumber Co., 281 U. S. 245, 50 S. Ct. 297, 74 L. Ed. 829, 67 A. L. R. 1350. The first return in compliance with the statute was made on October 14, 1921. Hence the deficiency assessment set forth in the notices of April 22, 1926, was not barred by the statute of limitations.

The individual return was also ineffective to start the running of the statute because it did not cover the entire taxable period in controversy here. It covered the calendar year 1919, and no part of the year 1920. The deficiency asserted is for the fiscal year from June 30, 1919, to June 30, 1920.

The respondents urge that Clinchfield Navigation Co. v. United States, 66 Ct. Cl. 589, requires an affirmance of the order of the Board of Tax Appeals. However, that case involved the Revenue Act of 1917 as to returns by affiliates. Also there the individual return was filed for the calendar year 1917, while the consolidated return was filed for the six months' period ending June 30 of the same year. Hence this decision is not persuasive.

The rule applicable here is that declared in National Shirt Shops, Inc., v. United States, 57 F.(2d) 925 (Ct. Cl.), namely, that a return sufficient to start the running of the statute of limitations must be one that covers the entire taxable period. In accord with this holding are Paso Robles Mercantile Co. v. Commissioner, 33 F.(2d) 653 (C. C. A. 9); United States v. National Tank & Export Co., 45 F.(2d) 1005 (C. C. A. 5); Myles Salt Co., Ltd., v. Commissioner, 49 F.(2d) 232 (C. C. A. 5).

The order of the Board of Tax Appeals is reversed, and the cause is remanded, with instructions to sustain the Commissioner's assessment.