## MARSHALL et al. v. UNITED STATES.

### No. 1749.

District Court, E. D. Louisiana, New Orleans Division.

March 31, 1948.

Charles D. Marshall, of New Orleans, for plaintiffs.

Robert Weinstein, U. S. Atty., and Lansing L. Mitchell, Asst. U. S. Atty., both of New Orleans, for defendant.

BORAH, District Judge.

This is an action for the recovery of $445 paid as income taxes for the year 1945.

The sole question here presented is whether the $2116.67 received by Charles D. Marshall under the provisions of the Naval Aviation Cadet Act of 1942, 34 U.S. C.A. § 850a et seq., is excluded from gross income, as mustering-out pay, under Section 22(b) (14) of the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code, § 22(b) (14).

The case was tried by the court and submitted on the following agreed statement of facts:

1. Charles Donald Marshall was commissioned an Ensign A-V(N), U.S.N.R., with the designation of Naval Aviator, by commission dated August 22, 1941, which commission he accepted on September 9, 1941. He remained continuously on active duty involving flying with the U. S. Navy as a commissioned officer until his release on December 2, 1945.

2. On the date of his release from active duty, December 2, 1945, Charles Donald Marshall received $2,116.67, which amount was paid to him under the provisions of 56 Stat. 738, as amended by 57 Stat. 574, 34 U.S.C.A. § 850k.

3. Charles Donald Marshall and Catherine Elizabeth Potts Marshall timely filed a joint income tax return for the year 1945, in which return they included and reported as income the sum of $2,116.67, received as described in the foregoing paragraph.

4. On March 27, 1946, Charles Donald Marshall and Catherine Elizabeth Potts Marshall filed a claim for refund of income taxes in the amount of $450.00, the basis of this claim being that upon which this suit

is founded. More than six months elapsed subsequent to the filing of this claim of refund and prior to the filing of this suit without a decision having been rendered on said claim.

5. If it should be determined that the aforesaid sum of $2,116.67 was exempt from income taxation, the claim for refund to the extent of $445.00 should be allowed.

6. Charles Donald Marshall received $300.00 in mustering-out payments under the provisions of the Mustering-Out Payment Act of 1944, 38 U.S.C.A. § 691 et seq.

## Discussion

The applicable statutes and regulations are quoted in the margin.[1]

 Mustering-out payments received by military and naval personnel during the taxable year are not included in gross income and are exempt from taxation under Section 22(b) (14) of the Internal Revenue Code. Mustering-out payments are defined in the applicable Treasury Regulations as "payments made to any recipients pursuant to the provisions of the Mustering-Out Payment Act of 1944." Since it affirmatively appears that the sum of $2116.67 herein involved was received pursuant to the provisions of the Naval Aviation Cadet Act of 1942 and not pursuant to the provisions of the Mustering-Out Payment Act of 1944, it follows that, under the regulation, that amount was not excluded from gross income. This regulation is not in conflict with the statute and consequently it has the force and effect of law as has repeatedly been held. Maryland Casualty Co. v. United States, 251 U.S. 342, 349, 40 S.Ct. 155, 64 L.Ed. 297; United States v. Grimaud, 220 U.S. 506, 31 S.Ct. 480, 55 L.Ed. 563; United States v. Birdsall, 233 U.S. 223, 231, 345 S.Ct. 512, 58 L.Ed. 930; United States v. Smull, 236 U.S. 405, 409, 411, 35 S.Ct. 349, 59 L.Ed. 641; United States v. Morehead, 243 U.S. 607, 616, 37 S.Ct. 458, 61 L.Ed. 926.

Nor is the applicable regulation in conflict with either the express or implied intent of Congress. In the Mustering-Out Payment Act of 1944 it is expressly provided that the payments due or to become

[1] Naval Aviation Cadet Act of 1942, c. 547, 56 Stat. 737:

Sec. 12. "When officers commissioned pursuant to this Act * * * are released from active duty that has been continuous for one or more years, they shall be paid a lump sum of $500 for each complete year of continuous commissioned active service, * * *." (34 U.S.C.A. § 850k).

Mustering-Out Payment Act of 1944, c. 9, 58 Stat. 8.

"* * * except as provided in subsection (b) of this section, each member of the armed forces who shall have been engaged in active service in the present war, and who is discharged or relieved from active service under honorable conditions on or after December 7, 1941, shall be eligible to receive mustering-out payment.

"(b) No mustering-out payment shall be made to—

"(4) any Air Corps Reserve officer who is entitled to receive a lump-sum payment under section 2, as amended (55 Stat. 240), of the Act of June 16, 1936;" 38 U.S.C.A. § 691a.

Sec. 5. (a) "Mustering-out payments due or to become due under this Act * * * shall be exempt from taxation * * *." 38 U.S.C.A. § 691e.

Internal Revenue Code:

"Sec. 22. Gross income.

\* \* \* \* \* \* \* \*

(b) Exclusions from gross income. The following items shall not be included in gross income and shall be exempt from taxation under this chapter:"

"(14) [as added by Sec. 109, Revenue Act of 1943, c. 63, 58 Stat. 21.] Mustering-Out Payments for Military and Naval Personnel. Amounts received during the taxable year as mustering-out payments with respect to service in the military or naval forces of the United States." 26 U.S.C.A. Int.Rev.Code, § 22(b) (14).

Treasury Regulation 111, promulgated under the Internal Revenue Code:

"Sec. 29.22(b) (14)-1 [as added by T. D. 5371, 1944 Cum.Bull. 80]. Mustering-Out Payments of Military and Naval Forces. The exclusion from gross income under section 22(b) (14) of mustering-out payments with respect to service in the military and naval forces applies only with respect to taxable years beginning after December 31, 1943. For the purposes of such exclusion mustering-out payments are payments made to any recipients pursuant to the provisions of the Mustering-Out Payment Act of 1944."

184

due under that act shall be exempt from taxation, but there is no such provision in the Naval Aviation Cadet Act of 1942. And there is nothing in the Mustering-Out Payment Act of 1944 excluding naval aviators entitled to receive lump sum payments under the provisions of the Naval Aviation Cadet Act of 1942 from receiving mustering-out payments, and it is stipulated that the taxpayer received payments under the provisions of both acts.

The taxpayers contend that Congress considered and treated the payments authorized by the Naval Aviation Cadet Act of 1942 as mustering-out payments. We think they were bonus awards, payable after service. In S. Rep., No. 1565, 77th Cong., 2d Sess; p. 3, from the Committee on Naval Affairs, and H. Rep. No. 2357, 77th Cong., 2d Sess., p. 3, from the Committee on Naval Affairs, both accompanying HR 7364 it is stated:

Section 12 provides for lump-sum payments with minimum requirement of 1 year of commissioned flying service subsequent to aviation training and limitation of 7 years' total of bonus payments. * * * Under the old act the bonus was established to stimulate applications. In wartime such stimulus might or might not be desirable or necessary, wherefore a proviso for suspension during war or national emergency is incorporated. * * *"

In contrast the purpose of the payments provided by the Mustering-Out Payment Act of 1944 is as stated by Senator Barkley, when he first introduced the bill:

"It is believed that such a sum would do much towards enabling the demobilized soldier, sailor and marine to go through the necessary readjustment period without any undue hardship until they are able to assume their rightful places as self supporting members of the community." 89th Congressional Rec. Part 8, p. 9979.

When the bill was before the House for discussion, Congressman May in explaining its purpose said:

"The problem is a plain and simple proposition to grant a form of aid to the servicemen of this country for a sole and particular purpose. That purpose is simply to aid them to adjust themselves upon being discharged from the military service, back to the status of their peacetime activities."

In fact it was repeatedly emphasized in both the Senate and the House that the purpose of the Mustering-Out Payment Act of 1944 was as above stated. Congress did not intend that the mustering-out payment would in any way supersede or take the place of payments under the Naval Aviation Cadet Act of 1942 and other previously enacted laws dealing with the question of compensation as shown by the following colloquy between Senators Gurney and Barkley:

"Mr. Gurney. I was glad to hear the Senator from Vermont and the Senator from Kentucky state that the proposed mustering-out pay would not be payment for services rendered, but would be a mustering-out payment. As a member of the committee, I wish to say that the mustering-out payment would in no way supersede or take the place of payments under laws already passed, such as the one providing for the payment of $500 a year, as I remember, to aviators.

"Mr. Barkley. Of course not.

"Mr. Gurney. Nor would the mustering-out pay take the place of the payment, provided for in law already enacted, of additional compensation for men in the submarine service of the Navy.

"Mr. Barkley. That is correct.

"Mr. Gurney. I should like to ask the Senator from Kentucky if that is his belief and judgment regarding the bill?

"Mr. Barkley. Oh, yes. The provision for payment under the bill would in no way supersede any of the provisions we have formerly enacted for extra compensation or pay, or whatever it may be called, under previous laws of Congress. The proposed payment would be wholly independent of any payment made under previously enacted law dealing with the question of compensation, either for injury or for service.

"Mr. Gurney. That is in accordance with my understanding of what the committee intended." (89th Cong. Record, Part 8, p. 10818.)

Following this colloquy and on the same page of the Congressional Record, Senator Barkley in response to a question by Senator Hill stated that the Senate Finance Committee had unanimously agreed to an amend-

ment which he offered, and that when the tax bill came before the Senate it would carry an amendment exempting these payments from taxation, which shows that it was the intent of Congress that Section 109 of the Revenue Act of 1943, which added Section 22(b) (14) to the Internal Revenue Code, was to exclude from gross income only the payments received under the Mustering-Out Payment Act of 1944. As the Revenue Act of 1943 was enacted subsequent to the introduction of what was thereafter passed as the Mustering-Out Payment Act of 1944, it is apparent that Senator Barkley's amendment exempting these payments from taxation is the one included in the Revenue Act of 1943 adding Section 22(b) (14) to the Internal Revenue Code.

### Findings of Fact

The court adopts the stipulated facts as its finding of fact.

### Conclusions of Law

The court concludes as a matter of law that the sum of $2,116.67 paid to Charles Donald Marshall on December 2, 1945, under the provisions of 34 U.S.C.A. § 850k, is not excluded from gross income under the provisions of Section 22(b) (14) of the Internal Revenue Code, and accordingly that plaintiffs did not overpay their income taxes for the calendar year 1945 and are entitled to no recovery.

The complaint must be dismissed at taxpayers' costs, and the Clerk is directed to enter judgment accordingly.