[Crim. No. 961.   Fourth Dist.   May 7, 1954.]

THE PEOPLE, Respondent, v. JOSEPH PAUL BROWN,
Appellant.

Herz & Fredman and Homer F. Herz for Appellant.

Edmund G. Brown, Attorney General, and Alan R. Woodard, Deputy Attorney General, for Respondent.

MUSSELL, J.—Defendant was found guilty by the court, sitting without a jury, of the crime of perjury as defined in Penal Code, section 118, in that he did knowingly, corruptly, falsely and feloniously say, declare, depose and state as true in a certificate of registry of marriage that he was a single

man and that he had never been married, and that the said defendant then and there knew said statements, declarations and things so given, sworn to and stated by him in said certificate of registry of marriage were then and there false and untrue in that he did at said time have a lawful wife then living. Defendant was sentenced to the state prison. The sentence was suspended and probation was granted on certain terms and conditions.

On May 24, 1953, Patricia Donahue, then 29 years of age, entered into a marriage contract with defendant and a marriage ceremony was performed in Arlington, California. Previously, on March 30, 1953, defendant and Miss Donahue appeared at the office of the county clerk in Riverside and there applied for, signed and obtained a certificate of registry of marriage as required by sections 69 and 69a of the Civil Code. Both defendant and Miss Donahue were asked by the deputy county clerk who waited upon them to state their names, ages, residences and places of birth; whether they or either of them had ever been married, widowed, divorced or had a marriage annulled. The answers to these questions were then set forth in the certificate by the deputy clerk, who handed it to the parties and asked them to see that the information given was correct. Defendant and Miss Donahue signed the certificate and returned it to the deputy clerk to administer the oath. Both applicants raised their right hands at the request of the clerk and the following portion of the certificate was read to them:

"We, the bride and groom named in this certificate, each for himself, state that the foregoing information is correct to the best of our knowledge and belief, that no legal objection to the marriage nor to the issuance of a license to authorize the same is known to us, and hereby apply for license to marry."

The certificate was then signed by the deputy clerk as subscribed and sworn to on March 30, 1953, and the clerk's seal was put upon it. Defendant stated in the certificate that he had not been previously married, when in fact he then had a lawful living wife and this fact was stipulated by the parties at the trial.

The principal question raised by this appeal is whether the oath administered herein was authorized or required by law.

■ A conviction for perjury under Penal Code section 118 will be sustained where the oath in question is "either authorized or required" (*People* v. *Godines,* 17 Cal.App.2d

721, 724 [62 P.2d 787]), and it seems clear to us that the oath here involved is authorized by sections 69 and 69a of the Civil Code and section 10526 of the Health and Safety Code. Said section 69 provides for the issuance of marriage licenses and requires that the license must show: (1) The identity of the parties; (2) their real and full names, and places of residence; (3) their ages; (4) whether white, Mongolian, Negro, Malayan or mulatto. Section 69 further provides:

". . . For the purpose of ascertaining all the facts mentioned or required in this section, the clerk, at the time the license is applied for may, if he deems it necessary in order to satisfy himself as to matters enumerated in this section, examine the applicants for a license on oath, which examination shall be reduced to writing by the clerk, and subscribed by them.

"The forms for the application for license to marry and the marriage license shall be prescribed by the State Department of Public Health, and shall be adapted to set forth the facts required in this section. . . ."

Civil Code section 69a provides:

"All persons about to be joined in marriage must obtain from the county clerk of the county in which the license is issued, in addition to the license therefor provided for in Section 69 of the Civil Code, a certificate of registry of marriage as provided in Section 10526 of the Health and Safety Code containing the items therein listed which certificate of registry of marriage shall be filled out as provided, in the presence of the county clerk issuing the marriage license and shall then be presented to the person performing the ceremony who shall complete the certificate thereon and shall cause to be entered thereon the signature and address of one witness to the marriage ceremony. Such certificate of registry of marriage shall be filed by the person performing the ceremony with the local registrar for marriages (county recorder) of the county in which the license was issued within four days after the ceremony."

Section 10526 of the Health and Safety Code provides:

"The form of the certificate shall be prescribed by the State Registrar and shall contain among other matters as near as can be ascertained:

"(a) The place and date of marriage.

"(b) The race, color, age, name and surname, birthplace, and residence of the parties married.

"(c) The number of marriages and condition of each party, whether single, widowed or divorced.

"(d) The maiden name of the female, if previously married.

"(e) The names and birthplaces of the parents of each, and the maiden name of the mother of each.

"(f) The county where issued, date issued, and number of the marriage license.

"(g) The certification of the person performing the ceremony, which shall show his official position including the denomination if he is a priest or minister.

"(h) The signature and address of one witness to the marriage ceremony."

Section 72 of the Civil Code provides:

"The person solemnizing a marriage must first require the presentation of the marriage license; and if he has any reason to doubt the correctness of its statement of facts, he must first satisfy himself of its correctness, and for that purpose he may administer oaths and examine the parties and witnesses in like manner as the county clerk does before issuing the license."

It is apparent that all of the information required by said section 69 of the code is also required by section 10526 of the Health and Safety Code. The oath provisions of section 69 are not repeated in section 69a or in said section 10526. However, section 69a, in specifically referring to section 10526, clearly authorizes the certificate of registry of marriage. Section 69 of the Civil Code which expressly authorizes the oath as to the matters enumerated therein provides that the forms for the application for license to marry and the marriage license shall be prescribed by the State Department of Public Health. This department has compiled the information to be obtained under section 69 of the Civil Code with the requirements of the certificate of registry of marriage as provided by section 10526 of the Health and Safety Code, thus making one document instead of two. The Director of Public Health, as State Registrar of Vital Statistics, is charged with the enforcement of provisions relating to vital statistics and given authority to promulgate additional regulations for such enforcement. (Health & Saf. Code, § 10000.)′ The department is charged with the preparation and distribution of all forms for use in carrying out the purposes of division IX, section 10029, of that code and it is provided that no forms or blanks other than those prepared by the director of public health shall be used. (Health & Saf. Code, § 10030.)

■ All of the cited code provisions should be construed together and harmonized wherever possible. (*R C A Photophone Inc.* v. *Huffman,* 5 Cal.App.2d 401 [42 P.2d 1059].) The director of public health has included the oath involved in the form prepared by the department under statutory authority in furtherance of his duty to direct a thorough and uniform enforcement of the provisions of the Health and Safety Code relating to vital statistics.

In *People* v. *Torterice,* 66 Cal.App. 115, 119 [225 P. 760], a conviction for perjury was upheld where defendant made and subscribed his name to an affidavit which stated that one Jennie Patt was of the age of 19 years when in fact she was only 17. The court said: ''It thus appears that the oath was administered in a case provided by law, and related to a material matter concerning which, according to the information, the defendant knew that his statement was false.''

In *State ex rel. Richardson* v. *Lawrence,* 120 Fla. 836 [163 So. 231, 101 A.L.R. 1259] (annotated in 101 A.L.R. 1263) it was held that the affidavit required by the county judge of an applicant for a marriage license, in the exercise of his power to determine the status of persons applying for a license, will, although not expressly required by statute, support a charge of perjury.

In *People* v. *Ziady,* 8 Cal.2d 149, 153-154 [64 P.2d 425, 108 A.L.R. 1234], it was held that a felony prosecution for perjury may be predicated upon a false statement in an affidavit when the only requirement for such an affidavit is by virtue of a provision of an ordinance of the board of supervisors of a county. The court therein quoted from *United States* v. *Smull,* 236 U.S. 405, 408 [35 S.Ct. 349, 59 L.Ed. 641], in which it was held that a charge of perjury may be based upon section 125 of the Criminal Code where the affidavit is required either expressly by an act of Congress or by an authorized regulation of the General Land Office, and is known by the affiant to be false in a material statement. See also *State* v. *Whitlock,* 138 Kan. 602 [27 P.2d 262], wherein it was held that an oath given to an applicant required by an administrative board, such as the Soldiers Compensation Board, pursuant to a statute authorizing the board to establish rules for proof of the claim was legally administered so as to furnish an adequate basis for perjury, and *Field* v. *State,* 29 Ohio C. C. 302, in which the statute provided that applicants for marriage license should state under oath certain enumerated things and then

provided "and shall also state," among other things, the number of times either party has been previously married. The court held that by such statute it was intended that all of the statements given by the applicant should be under oath and that when defendant falsely stated that he had not been previously married he was guilty of perjury.

■ Defendant contends that no oath was administered since the statement contained in the certificate of registry of marriage was read to him while his hand was raised but at no time were the words "oath," "swear" or "depose" used by the clerk and that it does not appear how the applicant responded. However, section 121 of the Penal Code provides:

"It is no defense to a prosecution for perjury that the oath was administered or taken in an irregular manner, or that the person accused of perjury did not go before, or was not in the presence of, the officer purporting to administer the oath, if such accused caused or procured such officer to certify that the oath had been taken or administered."

■ The deputy county clerk has authority to administer oaths. (Gov. Code, § 24057.) The uncontradicted evidence shows that the defendant stated, with his right hand raised, that the facts set forth in the certificate were true and that he appended his signature to the certificate containing the following statement:

"We, the bride and groom named in this certificate, each for himself, state that the foregoing information is correct to the best of our knowledge and belief, that no legal objection to the marriage nor to the issuance of a license to authorize the same is known to us, and hereby apply for license to marry."

After receiving this information, the deputy clerk certified that the information contained in the certificate was subscribed and sworn to before her and the oath contained in the certificate was read to defendant after he had signed the appropriate place. This evidence was amply sufficient to support the conclusion that an oath was administered as required by the statute.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied May 21, 1954, and appellant's petition for a hearing by the Supreme Court was denied June 2, 1954. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.