UNITED STATES of America,

v.

Martin LIGHT, Demetrios Christofidis, a/k/a "Jimmy Christofidis", Robert Gordon Marshall, a/k/a "Robert K.C. Adrian" a/k/a "Karnig Craig Adrian", Habeb Rahme, a/k/a "Sammy", John Doe, a/k/a "Hana", David Daoud, Aristod Sanas, a/k/a "Ari San", Defendants.

No. 84 CR 454.

United States District Court, E.D. New York.

Dec. 21, 1984.

Raymond J. Dearie, U.S. Atty., Brooklyn, N.Y. (Reena Raggi, Asst. U.S. Atty., Brooklyn, N.Y., of counsel), for the U.S.

Frank A. Lopez, William Lupo, Ira D. London, Brooklyn, N.Y., for defendant Martin Light.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Defendant Martin Light, a lawyer who practiced criminal law in this and other courts, was indicted for violations of Title 21 of the United States Code. Count One charged a conspiracy to possess with intent to distribute a substantial quantity of heroin. 21 U.S.C. § 846. Count Two charged the importation of a substantial quantity of heroin. 21 U.S.C. §§ 952(a) and 960(a)(1). Count Three charged possession of heroin with intent to distribute it. 21 U.S.C. § 841(a)(1). On Friday, December 14, 1984, the jury found defendant not guilty on the first two counts and guilty on the third.

After verdict the court ordered defendant detained pursuant to 18 U.S.C. § 3143(a), the provisions of which became effective October 12, 1984, without prejudice to a further application for release pending sentence. That section provides in pertinent part:

Release or Detention Pending Sentence.—The judicial officer shall order that a person who has been found guilty of an offense and who is waiting imposition or execution of sentence, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released pursuant to section 3142(b) or (c).

On Monday, December 17, 1984 counsel for defendant made an application for release, and the hearing was continued to December 19, 1984. At that hearing defendant offered evidence as to his bank accounts and securities. He testified to his concern for making arrangements for his family and for the substitution of counsel for clients he had been representing. He assured the court that he would not flee or engage in any narcotics or other illegal activity. On cross-examination he invoked the Fifth Amendment when asked as to the extent of his previous dealings in narcotics and about the truth of his testimony at the trial denying that he had possession of the heroin that the Drug Enforcement Administration agents testified was in his pocket at the time of his arrest. He also pleaded the Fifth Amendment in response to a question as to whether he had told his law partner that he did have possession of the heroin.

This court must determine whether it has been proven by "clear and convincing evidence" that defendant is "not likely to flee or pose a danger to the safety of any other person or the community" if released under conditions.

The Senate Report recommending passage of the legislation indicates that "the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the 'safety of any other person or the community.'" Sen.Rep. No. 225, 98th Cong., 1st Sess. 13 (1983). That report also makes clear that the presumption under previous law in favor of bail even after conviction has been eliminated. *Id.* at 26. The report states:

> Once guilt of a crime has been established in a court of law, there is no reason to favor release pending imposition of sentence or appeal. The conviction, in which the defendant's guilt of a crime has been established beyond a reasonable doubt, is presumably correct in law.

*Id.*

Here defendant has not yet been "convicted" since sentence has not yet been imposed. But in this court's opinion guilt "has been established" beyond any conceivable doubt. Defendant admitted being present at an apartment while another defendant made up samples of heroin, and, according to the agents' testimony, defendant was arrested on leaving the apartment with those samples in his pocket. Defendant did not contend at trial that he possessed the heroin for his own use or that he intended to throw it away. His position was in effect that the agents had lied. This court, and evidently the jury, regarded his testimony as deliberate perjury.

Defendant's guilt would not be "established" if there were a significant possibility that the court would set aside the verdict. There is none. Defendant did not object to the charge, and no evidentiary or other ruling at the trial raises, in this court's opinion, a substantial question of law, certainly not one likely to result in a reversal or a new trial. *Cf.* 18 U.S.C. § 3143(b).

Defendant had the burden of establishing by clear and convincing evidence not only that he was not likely to flee but also that he would not engage in further narcotics trafficking. Although the jury found the defendant not guilty on two counts, the court is satisfied from the evidence that defendant was involved for some two years in sales of heroin. The government informed the court that there is also evidence that defendant was engaged in sales of cocaine. The fact that defendant invoked the Fifth Amendment as to questions concerning his past dealings in narcotics prevented the development of facts to show the acquaintances and opportunities available to him to engage in such activities to provide for the future needs of himself and his family when he is precluded from practicing law. Presumably the defendant is aware of the difficulty the government has in detecting those who traffic in drugs.

This is the third time that defendant, a member of the bar, has been indicted. Twice he was acquitted of serious criminal charges, once in this court and once in the state court. Yet despite his oath to uphold the law and to act as an officer of the court he still saw fit to engage in narcotics transactions. That bespeaks an unusual boldness and a total lack of respect for the administration of justice. His deliberate perjury at the trial of this case makes this court hesitate to rely on his assurances that he will not flee and will not engage in illegal transactions.

In any event, in the light of defendant's perjury, his failure to testify to the extent of his narcotics dealings, and his past activities, defendant's protestations that he will remain for sentence and refrain from illegal activities are not sufficient to constitute the clear and convincing evidence the statute contemplates. The court is not convinced that defendant would adhere to his assurances, even if they are now sincere, once he is freed from custody, two days of

which he testified he has found so unpleasant and burdensome.

No doubt it is anguishing for defendant to be removed from his family pending sentence. But the statute requires the court to weigh against his feelings and those of his family the risk of further anguish to those who may become afflicted by the curse of heroin.

The application for release on bail is denied. So ordered.