**UNITED STATES of America, Plaintiff,**

v.

**John LOFRANCO, a/k/a John The Baptist, a/k/a JTB, Defendant.**

**No. 85–CR–66.**

United States District Court, N.D. New York.

Oct. 25, 1985.

U.S. Dept. of Justice, Organized Crime & Racketering Section, Gregory A. West, Syracuse, N.Y., Sp. Atty., for plaintiff.

Mark B. Harris, Troy, N.Y., for defendant.

## MEMORANDUM–DECISION AND ORDER

MUNSON, Chief Judge.

The defendant has been held without bail since his arrest on May 2, 1985. On May 6 Magistrate Smith held a hearing in which he denied defendant's request for release on bail, and on May 10 he issued an opinion explaining the reasons for the denial. Also on May 10, a grand jury indicted defendant on charges of conspiracy to distribute controlled substances (Count I) and conspiracy to collect drug-related debts through threats of force and violence (Count X). On July 12 I affirmed Magistrate Smith's denial of bail. On August 2 a grand jury returned a new indictment that repeated the earlier charges against defendant and added charges of RICO (Count 1), RICO conspiracy (Count 2), distribution of methamphetamines (Count 21), and extortion (Count 48). On August 5 defendant applied for a rehearing on the issue of detention, and on September 5 Magistrate Smith denied the application. Defendant appealed Magistrate Smith's decision on a motion before me on September 26.

For the reasons stated below, I hold that because of the length of defendant's detention without bail or trial, he is being held without due process of law. Therefore, I remand the case to Magistrate Smith with instructions to release the defendant under conditions that Magistrate Smith finds proper.

The fifth amendment protects against deprivation of liberty without due process of law. It is a violation of due process to imprison a defendant for a crime without a trial. Because the fifth amendment refers not only to sentences upon conviction, but to all deprivations of liberty, holding a defendant without bail for longer than he would serve if tried and convicted must also violate due process.

The defendant in this case is being held under the Bail Reform Act of 1984, 18 U.S.C. § 3142(e), which does not limit the length of pretrial detention without bail. There is a danger of a violation of due process in any detention without bail. But there is no clear line beyond which detention without bail becomes unconstitutional, because it is impossible to predict whether or on what charges a defendant will be convicted. The only general standard that can be stated safely is that the longer a person is held without bail, the more likely it is that he has not received due process of law.

Under the Speedy Trial Act, a defendant must be brought to trial within seventy days of the indictment, subject to statutorily provided exclusions of time. 18 U.S.C. §§ 3161(c)(1), 3161(h). One purpose that the Speedy Trial Act serves is to prevent violations of due process in pretrial detention. *See United States v. Colombo*, 616 F.Supp. 780, 787 (E.D.N.Y.1985) (Weinstein, C.J.), reversed, 777 F.2d 96 (2d Cir.1985).

When a court grants pretrial detention in a case governed by the Speedy Trial Act, it can have some confidence that the detention is constitutional, because in requiring a speedy trial, Congress has at least considered the defendant's due process rights. The present case, however, is exempt from the requirements of the Speedy Trial Act, because on September 26 I ruled that this is a complex case within the meaning of 18 U.S.C. § 3161(h)(8)(B)(ii). In addition, the seventy days normally required under the

Speedy Trial Act have passed. In the absence of statutory limitations on pretrial detention in a complex case like this, there is no indication that the legislative and executive branches have considered the defendant's due process rights and therefore no basis for confidence that the detention is constitutional. I must therefore determine the constitutionality of the detention on the basis of the factors underlying the original order of detention, the amount of time the defendant has been in jail, and my estimate of when he will be tried.

There are strong governmental interests in incarcerating some defendants pending trial. Under the Bail Reform Act, 18 U.S.C. §§ 3142(f)–(g), detention without bail is justified if it is necessary to ensure that the defendant will not flee, obstruct justice, threaten, injure, or intimidate a prospective witness or juror, or otherwise harm the community.

To determine the applicability of these factors in this case, I consider the reasons for the defendant's original detention, which are set out in Magistrate Smith's opinion of May 10. The reasons were as follows: the defendant had a prior felony drug conviction (possession of dangerous drugs in 1972); he had previous misdemeanor convictions (possession of a weapon in 1978 and 1980); he threatened force to collect payment of money owed from the sale of illegal substances; and he is charged with drug trafficking, *see* 19 U.S.C. § 3142(g)(1); *Colombo, supra*, at 784 ("drug trafficking is carried on to an unusual degree by persons engaged in continuing patterns of criminal activity"). In light of these factors and the weight of the evidence against defendant, Magistrate Smith found that the defendant was not a good risk for making court appearances and would pose a danger to potential witnesses and to the community.

Magistrate Smith's findings on May 10 justified pretrial detention at that time. Therefore, on July 12 I upheld the denial of bail. But since then circumstances have changed. First, over three months have passed; the defendant has been in jail almost six months without trial. Second, defendant lost the protection of the Speedy Trial Act when I declared this a complex case. I estimate that the trial will begin in the middle of February 1986 at the earliest. I base this estimate on the fact that under the scheduling order that I issued on September 13, discovery procedures will continue until December 30. Therefore, if the detention order remains in effect until trial, defendant will have been imprisoned without a trial for at least nine and one-half months.

Weighing the defendant's interest in liberty against society's interest in his continued detention, I hold that under the circumstances of this case pre-trial detention of the defendant violates due process of law. It is true that releasing him will create potential dangers to the public and to the integrity of his trial, as recognized in the Bail Reform Act. But the dangers do not justify continuing the detention. This ruling of unconstitutionality is based on the defendant's detention from May 2 until now. The prospect of continuing detention until mid-February bolsters this conclusion of unconstitutionality. *Cf. Colombo, supra*, at 785 (detention would last thirteen months to two years). "Such a long period of preventive detention without a finding of guilt, based solely on possible danger to the public, is anathema to American ideals of due process." *Id.* (quotation marks and citation omitted).

It is possible that the government has arguments for holding defendant that it has not yet presented. When Magistrate Smith refused to reconsider bail on September 5, he relied on the reasons stated in his opinion of May 10. Furthermore, the government relied on the arguments that it had presented in the bail hearing on May 10. In the meantime, however, the defendant was indicted on additional charges. If there are new arguments for detention based on the August 2 indictment, the

government may present them when Magistrate Smith hears the matter on remand.

IT IS SO ORDERED.