**UNITED STATES of America, Plaintiff,**

v.

**Ronald G. CHEESEMAN, a/k/a Big Cheese, Patrick Lawless, Robert Morgan, a/k/a Bear, Kim D. Diluzio, a/k/a Mr. Fun, Richard D. Cirzeveto, a/k/a Piggy, a/k/a R.C., Jeffrey Adamek, William A. Grosso, Janet Beam, a/k/a Puffy, Maureen Pompey, a/k/a Mo, James A. Harwood, a/k/a Gorilla, Martin Pulver, a/k/a Tiny, Orville Deitz, a/k/a Orvie, Robert Milhomme, a/k/a Indian, John Lofranco, a/k/a John The Baptist, a/k/a JTB, James Lee Farrigan, a/k/a The Mayor, Sandra Grieco, a/k/a Sandra Harris, Patti Milhomme, a/k/a Patti Root, Donna White, and Thomas Mulholland.**

No. 85–CR–66.

United States District Court,
N.D. New York.

Oct. 31, 1985.

U.S. Dept. of Justice, Syracuse, N.Y., for U.S.; Gary L. Sharpe, Asst. U.S. Atty., Gregory A. West, Sp. Atty., of counsel.

Vincent P. Accardi, Binghamton, N.Y., for defendant Ronald G. Cheeseman.

Remo A. Allio, Endicott, N.Y., for defendant Richard D. Cirzeveto.

Richard C. Kram, Syracuse, N.Y., for defendant Orville Deitz.

Edward Z. Menkin, Syracuse, N.Y., for defendant James Lee Farrigan.

Mark B. Harris, Troy, N.Y., for defendant John LoFranco.

John Brunetti, Syracuse, N.Y., for defendant Martin Pulver.

## MEMORANDUM–DECISION AND ORDER

MUNSON, Chief Judge.

On October 25 this Court ordered that conditions be set for the pretrial release of defendants Cheeseman, Cirzeveto, Deitz, and LoFranco, and on October 30 the Court issued a similar order with regard to defendant Farrigan. The basis for the orders was that detention of the defendants without bail pursuant to 18 U.S.C. § 3142(e) violated their right to due process of law. *See United States v. LoFranco*, 620 F.Supp. 1324 (N.D.N.Y.1985). On October 30 the government moved to stay the orders pending its appeal of them.

■ The government bases its motion on Rule 8 of the Federal Rules of Appellate Procedure, which gives district courts authority to stay enforcement of an order pending appeal. The defendants argue that there is no such authority when the government appeals an order to release a defendant on bail. They rely on 18 U.S.C. § 3731, which provides: "Pending ... appeal [of an order granting the release of a person charged with an offense], the defendant shall be released in accordance with chapter 207 of this title."

The phrases "shall be released" and "according to section 207" are contradictory. The first phrase standing alone would leave the court no discretion. Chapter 207, on the other hand, gives the court discretion to order a defendant detained or released, depending on the danger in releasing him. *See* 18 U.S.C. § 3142. The contradiction in § 3731 was noted in *United States v. Herman*, 544 F.2d 791, 794–95 n. 5 (5th Cir.1977).

In 1984, Congress attempted to address the contradiction in § 3731 by enacting 18 U.S.C. § 3143(c), which provides: "The judicial officer shall treat a defendant in a case in which an appeal has been taken by the United States pursuant to the provisions of section 3731 of this title, in accordance with the provisions of section 3142...." The enactment of § 3143(c) did not resolve the contradiction in § 3731, because Congress left the phrase "shall be released" in § 3731. As a result, it is still unclear from a mere examination of the statutes whether Congress intended to authorize district courts to stay an order to set bail for a defendant pending appeal of the order. But it is clear from the legislative history of § 3143(c) that Congress intended to remove the ambiguity in § 3731 and to give district courts discretion to release or detain a defendant pending an appeal under § 3731. *See* S.Rep. No. 225, 98th Cong., 2d Sess. 27, *reprinted in* 1984 U.S.Code Cong. & Ad.News 3182, 3210. In the present case, therefore, the Court has statutory authority to grant the government's motion.

■ In ordering that conditions be set for the defendants' release, this Court held: "because of the length of [defendants'] detention without bail or trial, [they *are*] *being held* without due process of law." *LoFranco, supra*, at 1325 (emphasis added). Similarly, the Court emphasized that "the ruling of unconstitutionality is based on the [defendants'] detention ... until now." *Id.* at 1326. Because the defendants' detention without bail was unconstitutional when the orders were issued on October 25 and 30, the process that was due the defendants immediately upon issuance of the orders was to begin proceedings to set conditions for release.

The government's motion to stay the proceedings pending appeal of this Court's orders is a request to give the defendants less than the process they are due. More simply stated, because the Court has held that defendants' detention without bail and without a trial is unconstitutional now, it would be unconstitutional to prolong their detention while they wait for a decision by the Court of Appeals. If the correctness of the orders to release the defendants is in doubt, the defendants should not pay the price for the doubt.

Although this Court has statutory authority to stay the orders to set conditions for the defendants' release, it would be unconstitutional to exercise the authority in this case. Therefore, the government's motion is denied.

IT IS SO ORDERED.