783 F.2d 38
 UNITED STATES of America, Plaintiff-Appellant-Cross-Appellee,
v.
Ronald G. CHEESEMAN, John LoFranco, Martin Pulver, Orville
Deitz, and James Lee Farrigan,
Defendants-Appellees-Cross-Appellants,
and
Richard D. Cirzeveto, Defendant-Appellee.
 Nos. 624, 637, 753, 773, 774, 775 and 925, Dockets 85-1405,
-1406, -1407, -1414, -1415, -1416, -1417.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 21, 1985.
Finally Submitted Jan. 3, 1986.
Decided Feb. 5, 1986.
 
 Gregory A. West, Sp. Atty., Dept. of Justice, Organized Crime & Racketeering Sec., Syracuse, N.Y. (Frederick J. Scullin, Jr., U.S. Atty., Syracuse, N.Y., Gary L. Sharpe, Asst. U.S. Atty., Binghamton, N.Y., on briefs), for plaintiff-appellant-cross-appellee.
 Vincent P. Accardi, Binghamton, N.Y., for defendant-appellee-cross-appellant Cheeseman.
 Mark B. Harris, Troy, N.Y., for defendant-appellee-cross-appellant LoFranco.
 John J. Brunetti, Syracuse, N.Y. (Edward Z. Menkin, Syracuse, N.Y., on briefs), for defendants-appellees-cross-appellants Pulver and Farrigan.
 Richard C. Kram, Syracuse, N.Y., for defendant-appellee-cross-appellant Deitz.
 (Remo A. Allio, Endicott, N.Y., submitted briefs for defendant-appellee Cirzeveto.).
 Before TIMBERS, VAN GRAAFEILAND, and NEWMAN, Circuit Judges.
 JON O. NEWMAN, Circuit Judge:
 
 
 1
 This appeal and the cross-appeals from orders affecting pretrial detention endeavor to present constitutional issues concerning the Bail Reform Act of 1984, 18 U.S.C.A. Secs. 3141-3156 (West 1985). The United States appeals from orders of the District Court for the Northern District of New York (Howard G. Munson, Chief Judge) directing the release of six indicted defendants on conditions to be determined by a magistrate. Five defendants cross-appeal, challenging the validity of their initial confinement without bail and the denial of reconsideration. For reasons that follow, we conclude that we lack appellate jurisdiction.
 
 
 2
 Since we consider only the question of appealability at this stage of the litigation, we need detail only the pertinent procedural facts. The defendants--Ronald Cheeseman, John LoFranco, Richard Cirzeveto, Martin Pulver, Orville Deitz, and James Lee Farrigan--were arrested on May 2, 1985. They have all been in custody since that date. They and other alleged members or associates of the Mid-State Chapter of the Hell's Angels Motorcycle Club were charged with conspiring to distribute narcotics, in violation of 21 U.S.C. Sec. 846 (1982). At their initial appearances before a United States Magistrate, the Government petitioned for pretrial detention, pursuant to 18 U.S.C. Sec. 3142(f). After hearings the Magistrate ordered detention.
 
 
 3
 On May 10, the defendants were indicted. Thereafter they sought review of the detention orders in the District Court. On July 12, Chief Judge Munson affirmed the detention orders. On August 2 the grand jury returned a superseding indictment. At their arraignment on the superseding indictment, the defendants requested reconsideration of the Magistrate's detention orders. The Magistrate denied reconsideration on September 5. On September 26, defendants sought review in the District Court of the Magistrate's denial of reconsideration. On October 25, Chief Judge Munson issued the decision, 620 F.Supp. 1324, and accompanying orders that are the subject of the pending appeal and the cross-appeals.[1]
 
 
 4
 The District Judge ruled that two circumstances arising since his July 12 affirmance of the detention orders justified release of the appellants. The first was the passage of time--more than three months since he had affirmed the detention orders and nearly six months since detention had begun. The second was his ruling on September 26 that the case was "complex" within the meaning of the Speedy Trial Act, 18 U.S.C. Sec. 3161(h)(8)(B)(ii) and therefore justified an "ends of justice" continuance, id. Sec. 3161(h)(8)(A), which would be excluded from the normal 70-day time limit on commencing trial after indictment, id. Sec. 3161(c)(1). Chief Judge Munson estimated that trial would not commence until the middle of February 1986, by which time detention will have lasted nine and one-half months. Relying on Chief Judge Weinstein's decision in the Eastern District in United States v. Colombo, 616 F.Supp. 780 (E.D.N.Y.1985), which we reversed on November 19, 1985, 777 F.2d 96, Chief Judge Munson concluded that pretrial detention had become unconstitutional by the date of his ruling (October 25). In six separate orders he ordered the release of each defendant on conditions to be determined by the Magistrate. The Government timely appealed from these orders and also obtained from this Court a stay pending disposition of the appeal, which was expedited.
 
 
 5
 The defendants (except Cirzeveto) cross-appealed from the October 25 orders, apparently to challenge the lawfulness of the detention orders and the denial of reconsideration. In this Court, the defendants expressed a preference to let their cross-appeals be considered after consideration of the Government's appeal. We scheduled both the appeal and the cross-appeals for argument on the same date but afforded the defendants additional time to brief their cross-appeals and also allowed the Government time to file a responsive brief.
 
 Discussion
 
 6
 The defendants contend that the Government's appeal should be dismissed for lack of an appealable order. They argue that Chief Judge Munson's orders of October 25 are not "release orders" within the meaning of the statutory provisions governing bail appeals and granting the Government a right to appeal. 18 U.S.C. Secs. 3145(c), 3731. Surprisingly, the Government has not deigned to respond to this contention.
 
 
 7
 The Bail Reform Act states that an appeal from "a release or detention order" is governed by the provisions of 28 U.S.C. Sec. 1291 and 18 U.S.C. Sec. 3731. 18 U.S.C. Sec. 3145(c). Section 3731 states that the Government may appeal from "a decision or order, entered by a district court of the United States, granting the release of a person charged with ... an offense." The directive language in each of the orders entered by Chief Judge Munson states that "the matter is remanded to Magistrate Smith with instructions to release the defendant with conditions that Magistrate Smith finds proper."
 
 
 8
 We agree with the defendants that, though the District Court's orders obviously contemplate release and would have led to orders for release had they not been stayed, they are not themselves "release orders." They do not direct release; they remand for determination of the conditions under which each of the defendants is to be released. Had these orders been presented to defendants' custodian, they would not have sufficed to procure defendants' liberty since they do not contain either an unqualified direction for release or a qualified direction to release upon satisfaction of specified conditions of bail. In this respect, the orders differ from the order entered by Chief Judge Weinstein in United States v. Colombo, supra, which set the conditions for release and ordered release subject to the meeting of those conditions. The definiteness of that order permitted it to be appealed. By contrast, the remand provisions of Chief Judge Munson's orders deprive them of the finality necessary to qualify them as "release orders" within the meaning of section 3145(c) or section 3731. The remand provisions also render the orders non-final and hence not appealable under either 28 U.S.C. Sec. 1291 or the collateral order doctrine.
 
 
 9
 Had this Court not stayed Chief Judge Munson's remand orders, the appropriate course for the Government would have been to await the setting of release conditions and the issuance of release orders by the Magistrate,[2] and then pursue its appellate rights, initially to the District Judge, pursuant to 18 U.S.C. Sec. 3145(a), and thereafter to this Court, pursuant to 18 U.S.C. Secs. 3145(c), 3731.
 
 
 10
 Though the defendants contend, correctly in our view, that the October 25 orders are not sufficiently final to permit our exercise of jurisdiction over the Government's appeal, they apparently think those orders are nonetheless able to support jurisdiction over their cross-appeals. Or it may be that the defendants have simply filed protective cross-appeals to bring their claims to our attention in the event we disagreed with their jurisdictional objection to the Government's appeal. Whatever their thinking on this point, we see no basis for entertaining the cross-appeals until a final order has been entered in the District Court. We recognize the possibility that a district court could simultaneously enter a non-final order that the Government might prematurely seek to appeal and also a final order that a defendant is entitled to appeal. However, we see nothing in the October 25 orders that provides the basis for a cross-appeal. Those orders direct only a remand to the Magistrate to set conditions for release. They do not take any final action against the defendants.
 
 
 11
 The defendants precipitated the October 25 orders by making two claims to Chief Judge Munson. First, they argued that the length of their pretrial confinement exceeded the limitations of due process. On that claim they have prevailed by securing a remand order for the setting of conditions for their release. That order is neither final nor adverse. Second, they argued that the Magistrate erred in denying reconsideration of the initial orders of detention. The October 25 orders make no ruling with respect to this claim, the District Judge evidently believing that his remand order mooted any complaint about the Magistrate's denial of reconsideration. Had Chief Judge Munson not agreed with defendants' first contention, he would undoubtedly have ruled on their second contention, and an affirmance of the Magistrate's denial of reconsideration would have enabled the defendants to seek review of that affirmance. That opportunity may still arise if the District Judge, after our dismissal of the appeal and the cross-appeal, revises his remand orders in light of our decision in United States v. Colombo, supra. If that reconsideration results in rejection of the due process claim based on length of confinement, we would expect the District Judge then to adjudicate defendants' claim that they were improperly denied reconsideration of the detention orders. An adverse ruling on that contention would lead to continued detention and provide the basis for an appeal raising at least some of the issues now tendered.
 
 
 12
 The briefs in support of the cross-appeals endeavor to raise issues concerning the lawfulness of the Magistrate's original decisions to issue detention orders, decisions that were affirmed by the District Judge on July 12. Nothing in the October 25 orders purports to adjudicate the correctness of the original detention orders. Moreover, these orders were affirmed by Chief Judge Munson on July 12, and no appeal from that ruling was taken within the ten-day time limit for appealing from a judgment or an order in a criminal case, Fed.R.App.P. 4(b). See United States v. Golding, 739 F.2d 183 (5th Cir.1984) (applying Fed.R.App.P. 4(b) to appeal of detention order).
 
 
 13
 To minimize the delay regrettably necessitated by our adherence to the requirements of appellate jurisdiction we will direct that any subsequent appeal by the defendants or by the Government concerning pretrial detention be referred to this panel, if practicable, and submitted on the briefs and appendices already filed, supplemented only with additional papers (which may be typewritten) directed to issues arising as a result of rulings by either the District Judge or the Magistrate subsequent to our dismissal of the pending appeal and cross-appeals. We also direct that the stay of the October 25 orders, previously entered by a panel of this Court, be vacated, without prejudice to a prompt request for reinstatement in the event that a final order directing release is entered.
 
 
 14
 Appeal and cross-appeals dismissed for lack of appellate jurisdiction. Stay vacated without prejudice. The mandate shall issue forthwith. No costs.
 
 
 
 [1]
 The order with respect to James Lee Farrigan was entered October 30, 1985; 620 F.Supp. 1327, however, for convenience we will refer to all six orders as the orders of October 25
 
 
 [2]
 The form for an "Order Setting Conditions of Release," which the Magistrate would have had available for use had the October 25 remand orders not been appealed and stayed, includes alternative directions to the United States Marshal either to order the defendant released or to keep the defendants in custody until the conditions for release have been satisfied. Form AO 199C