UNITED STATES of America

v.

**Orville DEITZ, a/k/a Orvie, John Lofranco, a/k/a John the Baptist, et al., Defendants.**

**No. 85–CR–66.**

United States District Court,
N.D. New York.

March 5, 1986.

Frederick J. Scullin, Jr., U.S. Atty., N.D. New York, Syracuse, N.Y., Gary L. Sharpe, Asst. U.S. Atty., of counsel, U.S. Dept. of Justice, Organized Crime & Racketeering Section, Gregory A. West, Sp. Atty., Syracuse, N.Y., for U.S.

Richard C. Kram, Syracuse, N.Y., for defendant Orville Deitz.

Mark B. Harris, Troy, N.Y., for defendant John LoFranco.

### MEMORANDUM–DECISION AND ORDER

MUNSON, Chief Judge.

Defendants Deitz and LoFranco were arrested on May 2, 1985. On January 19, 1986 Deitz pleaded guilty to racketeering conspiracy and narcotics conspiracy. On February 2, 1986 LoFranco pleaded guilty to racketeering conspiracy, narcotics conspiracy, and extortion conspiracy.

Both defendants have been imprisoned without bail since their arrest. On October 25, 1985 I held that their detention pending trial was unconstitutional, and I ordered them released on bail. *United States v. LoFranco*, 620 F.Supp. 1324. The government appealed my order and requested that I stay it pending the decision on appeal. I denied the request. *United States v. Cheeseman*, 620 F.Supp. 1327. The Court of Appeals, however, stayed my order on November 1, 1985. On February 5, 1986 the Court of Appeals dismissed the appeal for lack of appellate jurisdiction and vacated its stay of my release order. *United States v. Cheeseman*, 783 F.2d 38, 39. By then my order no longer applied to LoFranco and Deitz because they had pleaded guilty. They now apply for release on bail pending sentencing.

18 U.S.C. § 3143 provides that a person who is found guilty and is awaiting sentence must be detained, unless he shows by clear and convincing evidence that he is not

likely to flee or pose a danger to the community if released.

The original decision to detain the defendants before trial was based on the danger that they would flee or harm the community. When I ordered them released, I did not discount this danger. Rather, because the defendants still enjoyed the presumption of innocence, I held that in spite of the dangers in releasing them, their detention for six to ten months pending trial was a denial of liberty without due process of law.

The defendants have admitted that they are guilty of serious crimes. Thus, the danger that the defendants pose to the community is clearer now than when they enjoyed the presumption of innocence. Furthermore, the danger of flight has increased because of the guilty pleas. Dietz faces a maximum possible punishment of thirty-five years' imprisonment for the crimes he committed, and LoFranco faces a maximum of fifty-five years.

█ In arguing for release pending sentencing, the defendants contend that it would not make sense for them to flee because that would expose them to even greater punishment and permanent isolation from their families. Furthermore, they state that they have no reason to leave their homes before sentencing because they desire only to be with their families. Finally, they will accept the most stringent conditions to ensure their appearance for sentencing and to prevent them from harming the community.

Defendants' own assurances are no match for the evidence that justified their pretrial detention or for the dangers that their pleading guilty has created. Therefore, I find that defendants' assurances are not clear and convincing evidence and that defendants have not met their burden under 18 U.S.C. § 3143.

Defendants also argue that they were unconstitutionally detained pending the outcome of the government's appeal of my October 25 order. On this basis they ask for compensation by being released pending sentencing.

█ The standard for obtaining a stay by the Court of Appeals of a district court's order is the same as the standard for obtaining a preliminary injunction. *Louisville & Nashville Railroad Co. v. Sullivan*, 617 F.2d 793, 799 (D.C.Cir.1980). The applicant for a stay must show: (a) irreparable harm if the stay is denied and (b) either (1) likelihood of success on appeal or (2) sufficiently serious questions going to the merits to make them a fair ground for appeal, and a balance of hardships tipping decidedly toward the party requesting the stay. *See Arrow United Industries v. Hugh Richards, Inc.*, 678 F.2d 410, 413–14 (2d Cir.1982).

█ It is unclear whether the Court of Appeals applied this standard in staying my October 25 order, because the court did not write an opinion explaining the reasons for its stay. Thus, the defendants may have been unconstitutionally detained between the time my order was stayed and the time they pleaded guilty. It is regrettable that the Court of Appeals left doubt about the propriety of its grant of drastic relief to the government at the expense of the defendants' liberty.

Even if I assume that the defendants were unconstitutionally detained, I cannot grant their request to compensate them by releasing them before sentencing. In deciding their applications for bail, I must apply 18 U.S.C. § 3143. Therefore, the applications are denied.

IT IS SO ORDERED.