Marty Steinberg, Holland & Knight, Miami, Fla., for defendant.

**UNITED STATES of America, Plaintiff,**

v.

**Edward Neal BONAVIA, Defendant.**

No. 86–1013–Cr.

United States District Court, S.D. Florida, Miami Division.

Oct. 15, 1987.

**MEMORANDUM ORDER**

SCOTT, District Judge.

This cause is before the court upon Defendant's Motion to Reinstate the Bond. 18 U.S.C. § 3143(a); 18 U.S.C. § 3145(b). Following the jury's conviction on three counts of illegal possession of a firearm by a convicted felon, 18 U.S.C. § 922, the Defendant was remanded to the custody of the United States Marshals[1] and his bond in this case was revoked (86–1013–CR–SCOTT). A hearing on the issue of the Defendant's post-conviction release status was ordered. At that time, both the Government and Mr. Bonavia stipulated to proffer evidence and the Court heard oral argument.[2]

---

3. Court assessed prejudgment interest from January 19, 1984, to August 18, 1987, at a rate of 12% per annum.

1. § 3143(a) provides that "[t]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposi-

tion or execution of sentence be detained." *See United States v. Fonfria,* 612 F.Supp. 999 (1985 D.C. P.R.).

2. While the Court accepted the proffer by stipulation, there is authority that the proffer was appropriate even in the absence of stipulation.

## LEGAL STANDARD

At the outset, it is important to observe that upon conviction, the burden shifts and the Defendant must prove by clear and convincing evidence that Mr. Bonavia is not a flight risk or a danger to persons or the community. 18 U.S.C. 3143(a); *See United States of America v. Strong*, 775 F.2d 504 (3rd Cir.1985). This standard was adopted by Congress as part of the Bail Reform Act of 1984. In considering the issue, the Committee of the Judiciary of the United States Senate made two pertinent findings.

1. Once guilt of a crime has been established in a court of law, there is no reason to favor release pending imposition of sentence or appeal. The conviction, in which the defendant's guilty of a crime has been established beyond a reasonable doubt, is presumably correct in law.

2. ... [R]elease of a criminal defendant into the community after conviction may undermine the deterrent effect of the criminal law, especially in those situations where an appeal of the conviction may drag on for many months or even years.

Report of the Committee on the Judiciary, United States Senate, 98th Congress, 1st Session, Report No. 98–225, p. 26.

The legislative history and standard reflect a strong policy on the part of Congress favoring incarceration upon conviction. The only exception is where the Defendant can demonstrate by clear and convincing proof that he is not a flight risk or danger. With the legislative [3] history in mind, a review of the evidence is in order to determine if Edward Neal Bonavia can meet that burden.

## EVIDENCE

Edward Neal Bonavia is a wealthy and successful businessman. He is the principal and president of a substantial business, Southeast Connections, Inc. Bonavia has loving family members and loyal employees. For over the past ten years, he has not been arrested for a crime.

Unfortunately, the Defendant, at the present time, has multiple federal charges pending against him. Bonavia has two other felony cases pending in this District and set for trial in the next few months. These cases involve serious charges of Defense Department fraud, RICO and narcotics distribution. As noted above, the Defendant now stands convicted of three felony charges and faces six years incarceration.

The Government's proof at trial overwhelmingly demonstrated that the Defendant was in possession of the various firearms including hand guns and rifles. Indeed, the only real issue is not possession of the firearms, but whether Mr. Bonavia can be convicted of multiple counts, or just one count. *See United States v. Hodges*, 628 F.2d 350, 351–352 (5th Cir.1980); and *United States v. Bullock*, 615 F.2d 1082 (5th Cir.1980).

Besides possession of firearms, the trial evidence demonstrated that Bonavia possessed and distributed various types of narcotics, including cocaine and marijuana. Indeed, the evidence suggests that Bonavia's business office at Southeast Connections may have been a distribution site for large amounts of illegal narcotics. As the courts have observed, guns and narcotics make a natural and insidious combination.

The trial evidence further demonstrated that Bonavia has little respect for the American system of justice. Nancy Springer, a former business confidant with the Defendant, testified that Bonavia attempted to suborn perjury in this case. Other witnesses gave evidence of threats of physical violence by the Defendant.

Lastly, there is record evidence of flights in and out of the country by Bonavia on privately rented jets. The Defendant clearly has the financial ability to flee and now

*United States v. Gavira*, 828 F.2d 667 (11th Cir. 1987).

**3.** "Pre–Act law also imposed the burden of establishing the absence of such charges on the convicted defendant—at least one who has already been sentenced." *United States v. DiVarco*, 602 F.Supp. 1029, 1032–1033 (1985 N.D.Ill.).

the reason. All in all, this case does not present a good scenario.

## CONCLUSION

Taking into consideration the Defendant's history of guns, drugs, threats and abuse of our legal system, the Court cannot conclude that the Defendant is not a danger.[4] Further, in light of the Defendant's conviction and upcoming trials, Bonavia cannot satisfy the burden that he is not a flight risk. *See United States v. Light*, 599 F.Supp. 874 (E.D.N.Y.1984).

Accordingly, it is ordered that

1. The Motion to Reinstate Bond is DENIED.

2. The Defendant shall be detained without bond.

DONE and ORDERED in Chambers, at Miami, Dade County, Florida, this 15th day of October, 1987.

Terry Cornelius Bird, Office of Immigration, Atlanta, Ga., for plaintiff.

Myron N. Kramer, Hurt Richardson Garner Todd & Cadenhead, Atlanta, Ga., for defendant.

---

4. "Congress hoped to 'give the courts adequate authority to make release decisions that give appropriate recognition to the danger a person may pose to others when released.'" *United*

States v. Salerno, —— U.S. ——, 107 S.Ct. 2095, 95 L.Ed.2d 695 (1987) (*citing* S.Rep. No. 98–225 at 3).