**UNITED STATES of America, Appellee,**

v.

**Giovanni CASTIELLO,
Defendant, Appellant.**

**No. 89–1606.**

United States Court of Appeals,
First Circuit.

Submitted June 26, 1989.

Decided July 5, 1989.

Robert W. Harrington, Boston, Mass., on Motion for Release on Bail Pending Sentencing, for defendant, appellant.

Wayne A. Budd, U.S. Atty., and Paul V. Kelly, Asst. U.S. Atty., Boston, Mass., on Motion to Dismiss, for appellee.

Before BOWNES, TORRUELLA and SELYA, Circuit Judges.

PER CURIAM.

Defendant appeals from the district court order denying him conditions of release pending sentencing and ordering him detained. We review the background.

Defendant was charged with violating 21 U.S.C. §§ 841, 846 (possession with intent to distribute cocaine). A magistrate set bail at $250,000 with surety to be secured by property owned by defendant in East Boston and directed that defendant's sisters and brother-in-law sign as sureties on the bond. Defendant thereafter was tried and found guilty. Immediately after the guilty verdict, the government moved to revoke defendant's bail. The government argued that under 18 U.S.C. § 3143(a),[1] the burden was upon defendant to show by clear and convincing evidence that he was not a flight risk or danger to the community. The government contended defendant posed a great flight risk because he was subject to a mandatory minimum five year sentence, he likely would receive a significantly heavier sentence in view of the amount of cocaine involved, and, even before trial, defendant had been facing deportation proceedings because of a 1972 conviction for assault and battery with a dangerous weapon and a 1980 conviction for larceny over $100, but now with a federal drug felony conviction, deportation would be virtually certain.

---

1. 18 U.S.C. § 3143(a) provides as follows.
(a) Release or detention pending sentence. The judicial officer shall order that a person who has been found guilty of an offense and who is waiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial

officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

Defendant opposed, pointing to his family ties (brothers and sisters in the community), job, remoteness of the prior convictions, and the fact that, although on bail, he had shown up for every court appearance.

The district court ordered defendant detained, explaining as follows.

"I am going to order him detained. I specifically relate my findings to the aspect of his citizenry, to the fact that the sentence is a mandatory one in which it would be great basis and reason for his failure to turn up.

"I think the circumstances are different from those circumstances that occurred and attended these proceedings from what they are now, having been found guilty by a jury. I know of nothing in the record that may suggest a serious opportunity for a reversal of the jury's verdict. And I can see no value either of great importance at least, of any great value in allowing him to be free on bail. So I deem it should be otherwise.

"So I am revoking the bail, requiring him to be detained until the time of sentencing, which is July 13, 1989."

(Underlining added.)

The next day, defendant moved for reconsideration of and a hearing on the detention order. In addition to reiterating his family ties, defendant said that he would contest deportation and that he had business matters which needed to be wound up. The government opposed, stating that defendant faced a sentence of 97 to 121 months under the sentencing guidelines and that evidence at trial had shown that defendant had been a large scale cocaine wholesaler for several years, an activity dangerous to the community. Defendant responded contending he was not a large scale drug wholesaler; that, in view of his having resided in the United States for 30 years and his work record, deportation was not a virtual certainty; and that as the Immigration and Naturalization Service had defendant's passport, it would be "virtually impossible" for defendant to flee. Defendant's motion was denied without a hearing. Defendant appealed.

We note first that defendant's appeal is not timely and therefore we lack appellate jurisdiction. The motion for reconsideration was denied on May 25, 1989, but defendant's notice of appeal was not filed until June 20, 1989. Defendant has not suggested any reason why the ten day time limit for appeal in a criminal case, Fed.R.App.P. 4(b), should not apply. *See United States v. Kolek,* 728 F.2d 1280 (9th Cir.1984).

We could treat defendant's late notice of appeal as a motion to extend the time for appeal, Fed.R.App.P. 4(b), and remand to the district court for action thereon. We decline to do so, however, because we conclude that even if the appeal were timely, we would affirm the district court's detention order.

■ Focusing on the underlined portion of the district court findings which adverted to the absence of any strong appellate issue, defendant argues that the court impermissibly applied the criteria for determining whether to release a defendant pending appeal to the different question of whether to release defendant pending sentencing.

It is true that 18 U.S.C. § 3143 sets forth different standards for release pending sentence and release pending appeal. Whereas § 3143(b) directs the court in deciding whether to grant bail pending appeal to consider not only (1) risk of flight and (2) danger to the community, but also (3) whether the appeal presents a substantial question of law or fact, § 3143(a) which governs release pending sentence does not specifically mention the third requirement. That does not mean, however, that a district court, in assessing risk of flight, is forbidden from considering the strength of any appeal defendant might take, for, as a matter of common sense, the likelihood of succeeding on appeal is relevant to flight risk. Flight may well be more tempting to a defendant without an appellate leg to stand on than to one who has a good chance for reversal.

■ In the present case, the district court squarely based its determination to deny release pending sentence on flight

risk. The court indicated that in view of the potential sentence defendant faced and defendant's lack of United States citizenship, there was a strong inducement to flight. It then considered whether there were any likely strong grounds for appellate reversal—a circumstance which conceivably might reduce flight risk—and, seeing none, ordered detention.

We have considered defendant's various arguments addressed to assessing flight risk. We see no basis to disturb the district court's conclusion that defendant had not satisfied the § 3143(a) criteria for release pending sentence. Consequently, the request for a hearing is denied, and the appeal is summarily dismissed pursuant to First Circuit Rule 27.1.

*Appeal dismissed.*