**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**O'Rane M. CORNISH, Sr.,**
**Defendant–Appellant.**

**No. 01–5392.**

United States Court of Appeals,
Sixth Circuit.

June 15, 2001.

Before RYAN and COLE, Circuit Judges; MARBLEY, District Judge.*

On February 8, 2001, the defendant was found guilty by a jury of one count of wire fraud, seven counts of money laundering, one count of bank fraud, and one count of making false statements in connection with a bank loan. His sentencing is currently scheduled for June 29, 2001. The defendant appeals the February 21 order requiring that he be detained pending sentencing. The government argues that the court should affirm the ruling of the district court. The panel is in unanimous agreement that oral argument is not necessary because the facts and legal arguments are adequately presented in the material before the court. *See* Fed. R.App. P. 9(a) and 34(a)

Release or detention pending sentencing is governed by 18 U.S.C. § 3143(a). The statute provides that pending the imposition of a sentence, a defendant shall be detained "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released" on bond or on other conditions pursuant to § 3142(b) or (c). *See United States v. Vance,* 851 F.2d 166, 168 (6th Cir.), *cert. denied,* 488 U.S. 893, 109 S.Ct. 231, 102 L.Ed.2d 220 (1988). The district court's factual findings are reviewed by this court for clear error. Legal conclusions and mixed questions of law and fact are reviewed de novo. *Id.* at 170; *see United States v. Hazime,* 762 F.2d 34, 37 (6th Cir.1985).

At the detention hearing, the trial judge found that the defendant was not truthful with either the court or Pretrial Services.

---

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

The judge concluded that she "cannot find by clear and convincing evidence that he is unlikely to flee given the fact that electronic monitoring cannot work." The defendant has not met his burden of demonstrating that this conclusion was in error. *See United States v. Welsand*, 993 F.2d 1366, 1367 (8th Cir.1993) (affirming a detention order finding the defendant a risk of flight based on a violation of a prior condition of release); *United States v. Castiello*, 878 F.2d 554, 555–56 (1st Cir.1989) (affirming a detention order finding the defendant a risk of flight).

The February 21 detention order is hereby AFFIRMED.